UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| BRANDON S. BROWN, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | 2:16-cv-00167-JAW |
| | ) | |
| | ) | |
| SCOTT LANDRY, | ) | |
| Warden, Maine Correctional Center, | ) | |
| | ) | |
| Respondent | ) | |

**RECOMMENDED DECISION ON 28 U.S.C. § 2254 PETITION**

In this action, Petitioner Brandon S. Brown seeks relief, pursuant to 28 U.S.C. § 2254, from his state court conviction for elevated aggravated assault and attempted murder. (Petition, ECF No. 1.) Petitioner asserts four claims of ineffective assistance of counsel: (1) that at trial and at sentencing, counsel provided inaccurate and overly pessimistic information about the victim's recovery (Ground One); (2) that counsel failed to object to the victim's testimony about his tattoos, his taking medicine while on the witness stand, and his military service (Ground Two); (3) that counsel failed to present expert testimony to support Petitioner's theory that he acted in self-defense (Ground Three); and (4) that counsel failed adequately to cross-examine two prosecution witnesses whose trial testimony was inconsistent with their pretrial statements to police, and that counsel failed adequately to prepare a private investigator to testify to the inconsistencies in the testimony of other prosecution witnesses (Ground Four).

The State argues that the section 2254 petition is untimely, that Petitioner failed to exhaust some of the claims in state court, and that the exhausted claims lack merit. (Response, ECF No. 3.) Petitioner filed a reply. (Reply, ECF No. 5.)

After consideration of the parties' arguments, I recommend the Court grant the State's request and dismiss the petition.

## I.   FACTUAL BACKGROUND AND PROCEDURAL HISTORY

The state court record (ECF No. 4) reveals that Petitioner was indicted in August 2008 on three counts: (1) attempted murder (Class A), 17-A M.R.S. §§ 152, 201, based on an incident that occurred on June 24, 2008; (2) elevated aggravated assault (Class A), 17-A M.R.S. § 208-B(1)(A), also based on the June 24, 2008, incident; and (3) reckless conduct with a dangerous weapon (Class C), 17-A M.R.S. §§ 211, 1252(4), for an incident alleged to have occurred on March 23, 2008. (*State of Maine v. Brown*, No. PORSC-CR-2008-01540 (Me. Super. Ct., Cum. Cnty), Indictment at 1-2, Docket Sheet at 2.)

Following a five-day jury trial in November 2009, Petitioner was convicted of attempted murder and elevated aggravated assault, but was acquitted on the charge of reckless conduct with a dangerous weapon. (Judgment and Commitment at 1, Docket Sheet at 5-6.) The court sentenced Petitioner to concurrent prison terms of 27 years, with all but 17 years suspended, followed by four years of probation. (Judgment and Commitment at 1, Docket Sheet at 8-9.)

In September 2010, the Law Court denied Petitioner's request to appeal from his sentence. (*State v. Brown*, No. SRP-10-96, Order Denying Leave to Appeal from Sentence.) On February 10, 2011, the Law Court, in a memorandum of decision, affirmed the conviction. (*State v. Brown*, No. Cum-10-95, Mem 11-22 (Feb. 10, 2011).)

On February 7, 2012, Petitioner retained counsel and filed a petition for post-conviction review. (*Brown v. State*, No. CUMCD-CR-2012-01161, Post-conviction Petition, Docket Sheet at 1.) The court held an evidentiary hearing on the post-conviction petition in July 2014. (Docket Sheet at 3.) At the hearing, Petitioner waived his claim that counsel was ineffective because

counsel failed to obtain expert testimony on the issue of self-defense.  (Post-conviction Petition at 7; Post-conviction Tr. at 4, 76-77.)  In August 2014, Petitioner retained a different attorney, who subsequently filed Petitioner's post-hearing brief.  (Docket Sheet at 3-4.)

On December 15, 2014, the court, in a written decision with findings of facts, denied post-conviction relief.  (Post-conviction Decision and Order, Docket Sheet at 4.)[1]  On December 31, 2014, Petitioner filed a notice of discretionary appeal to the Law Court.  (*Brown v. State*, No. Cum-14-556, Docket Sheet at 1.)  In February 2015, Petitioner filed a memorandum in support of a certificate of probable cause.  (*Id.*)  On March 10, 2015, the Law Court denied a certificate of probable cause.  (Order Denying Certificate of Probable Cause, Docket Sheet at 2.)[2]

In September 2015, Petitioner filed a motion to correct or reduce the sentence.  (*State v. Brown*, No. PORSC-CR-2008-01540, Docket Sheet at 12.)  On December 31, 2015, the Law Court dismissed Petitioner's appeal from the denial of the motion.  (*State v. Brown*, No. Cum-15-639, Order Dismissing Appeal, Docket Sheet at 1-2.)  The Law Court concluded that because the motion was not filed within one year of the imposition of the sentence in accordance with M.R.U. Crim. P. 35(a), (c)(1), jurisdiction was lacking in both the Unified Criminal Docket and the Law Court, (Order Dismissing Appeal, Docket Sheet at 2.)

---

[1] The decision is discussed below with respect to each claim that Petitioner asserts in his section 2254 petition.  Claims that were addressed in state court, but that are not asserted in the section 2254 petition, are not discussed in this recommended decision.

[2] The order denying a certificate of probable cause states in relevant part:

> Brown contends that the Superior Court erred in denying his petition for post-conviction because, "in the aggregate," small mistakes and choices made by trial counsel prevented him from having a fair trial.  Brown also asserts that his post-conviction attorney was "woefully unprepared" and failed to present all of the evidence the court could or should have considered.  After review of the record, the Court has determined that no further hearing or other action is necessary to a fair disposition of the matter with regard to Brown's assertions.

(Order Denying Certificate of Probable Cause.)

Petitioner states in his section 2254 petition that he signed the petition on March 7, 2016, and that he placed it in the prison mailing system on March 8, 2016. (Petition at 16.) The petition was filed on March 14, 2016. (*Id.* at 1.)

## II. DISCUSSION

### A. Relevant Legal Standards

Pursuant to 28 U.S.C. § 2254(a), a person in custody pursuant to the judgment of a state court may apply to a federal district court for a writ of habeas corpus "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."

### 1. Statute of limitation and equitable tolling

Title 28 U.S.C. § 2244(d) "establishes a 1-year limitations period for state prisoners to file for federal habeas relief, which 'run[s] from the latest of' four specified dates." *Gonzalez v. Thaler*, --- U.S. ---, ---, 132 S. Ct. 641, 652 (2012).[3]

---

[3] Title 28 U.S.C. § 2244(d) states:

> **(1)** A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –

> **(A)** the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

> **(B)** the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

> **(C)** the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

> **(D)** the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

> **(2)** The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Statutory tolling applies while a properly filed state post-conviction case is pending.  *See* 28 U.S.C. § 2244(d)(2).  The Supreme Court has held that section 2244(d) is also "subject to equitable tolling in appropriate cases."  *Holland v. Florida*, 560 U.S. 631, 645 (2010).  "We have previously made clear that a 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing."  *Id.* at 649 (quoting *Pace v. DiGuglielmo,* 544 U.S. 408, 418 (2005)) (emphasis deleted).  "The diligence required for equitable tolling purposes is reasonable diligence."  *Id.* at 653 (quotation marks omitted).

**2.  Exhaustion**

A petition may not be granted if the petitioner does not first exhaust available state court remedies.  *See* 28 U.S.C. § 2254(b), (c).[4]  "Before seeking a federal writ of habeas corpus, a state prisoner must exhaust available state remedies, 28 U.S.C. § 2254(b)(1), thereby giving the State the 'opportunity to pass upon and correct' alleged violations of its prisoners' federal rights."  *Baldwin v. Reese,* 541 U.S. 27, 29 (2004) (quoting *Duncan v. Henry,* 513 U.S. 364, 365 (1995)

---

[4] Title 28 U.S.C. § 2254(b) and (c) state:

> **(b)(1)** An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that—
>
> **(A)** the applicant has exhausted the remedies available in the courts of the State; or
>
> **(B)** **(i)** there is an absence of available State corrective process; or
>
> **(ii)** circumstances exist that render such process ineffective to protect the rights of the applicant.
>
> **(2)** An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.
>
> **(3)** A State shall not be deemed to have waived the exhaustion requirement or be estopped from reliance upon the requirement unless the State, through counsel, expressly waives the requirement.
>
> **(c)** An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

(per curiam)) (quotation marks omitted).  In *Baldwin,* the Court noted that "[t]o provide the State with the necessary 'opportunity,' the prisoner must 'fairly present' his claim in each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim." *Id.* (quoting *Duncan,* 513 U.S. at 365–66).[5]  However, a petition may be denied on the merits, notwithstanding the petitioner's failure to exhaust state court remedies.  28 U.S.C. § 2254(b)(2).

### 3.  Procedural default

If a state court has determined that a petitioner's claim is procedurally defaulted on state law grounds, the state court's ruling constitutes an "independent and adequate state law ground" that precludes federal habeas relief, unless the petitioner can demonstrate either cause for the default and prejudice, or that "a miscarriage of justice" would result if relief is denied.  *See Barbosa v. Mitchell*, 812 F.3d 62, 67-68 (1st Cir. 2016) (quotation marks omitted) (citing *Coleman v. Thompson*, 501 U.S. 722, 750 (1991)); *Lee v. Corsini*, 777 F.3d 46, 62 (1st Cir. 2015) (requiring a showing of actual innocence as part of a demonstration that failure to provide relief would result in a "'fundamental miscarriage of justice'") (quoting *Harris v. Reed*, 489 U.S. 255, 262 (1989)).

### 4.  Review of state court adjudication on the merits

Section 2254(d) provides that habeas relief is not available on claims that have been adjudicated on the merits in the state court, unless the state court adjudication was contrary to or an unreasonable application of federal law, or it involved an unreasonable determination of the facts.[6]  "'A state court's determination that a claim lacks merit precludes federal habeas relief so

---

[5] "Just as in those cases in which a state prisoner fails to exhaust state remedies, a habeas petitioner who has failed to meet the State's procedural requirements for presenting his federal claims has deprived the state courts of an opportunity to address those claims in the first instance."  *Coleman v. Thompson*, 501 U.S. 722, 731-32 (1991). However, "a credible showing of actual innocence may allow a prisoner to pursue his constitutional claims . . . on the merits notwithstanding the existence of a procedural bar to relief."  *McQuiggin v. Perkins,* --- U.S.---, ---, 133 S.Ct. 1924, 1931 (2013).

long as fairminded jurists could disagree on the correctness of the state court's decision.'" *Woods v. Etherton*, --- U.S. ---, ---, 136 S. Ct. 1149, 1151 (2016) (per curiam) (quoting *Harrington v. Richter*, 562 U.S. 86, 101 (2011)) (quotation marks omitted).  Claims of ineffective assistance of counsel are subject to a "'doubly deferential'" standard of review, in deference to both the state court and defense counsel.  *Id.* (quoting *Cullen v. Pinholster*, 563 U.S. 170, 190 (2011)).  A state court's findings of fact are presumed correct, and a petitioner has the burden to rebut that presumption by clear and convincing evidence.  *See* 28 U.S.C. § 2254(e)(1).[7]

A federal court's "deference" to the statutory presumption of correctness "extends not only to express findings of fact, but to the implicit findings of the state court." *Garcia v. Quarterman*, 454 F.3d 441, 444 (5th Cir. 2006); *see also Campbell v. Vaughn*, 209 F.3d 280, 285–86 (3d Cir. 2000) ("In interpreting [28 U.S.C. § 2254(e)(1)], the Supreme Court has held that an implicit finding of fact is tantamount to an express one, such that deference is due to either determination.") (citing *Parke v. Raley*, 506 U.S. 20, 35 (1992); *Marshall v. Lonberger*, 459 U.S. 422, 432–33 (1983); *LaVallee v. Delle Rose*, 410 U.S. 690, 692 (1973) (per curiam)).

---

[6] Title 28 U.S.C. § 2254(d) states in pertinent part:

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—

**(1)**      resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

**(2)**      resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

[7] Title 28 U.S.C. § 2254(e)(1) states:

In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.

7

### 5.   Ineffective assistance of counsel

*Strickland v. Washington*, 466 U.S. 668, 687-89 (1984), sets forth the federal constitutional standard by which the conduct of attorneys is evaluated in post-conviction claims.   *Strickland* requires a petitioner to "establish both that counsel's representation fell below an objective standard of reasonableness and that there exists a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."   *Turner v. United States,* 699 F.3d 578, 584 (1st Cir. 2012) (citing *Strickland,* 466 U.S. at 688).   The Court need not "address both components of the inquiry if the defendant makes an insufficient showing on one . . . .   If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed."   *Strickland,* 466 U.S. at 697.

On federal habeas review, the court does not conduct an independent review under *Strickland*:   "Since we are considering a habeas challenge, we are not actually tasked with deciding whether [the petitioner's] counsel's performance fell short of *Strickland*'s requirements; rather, the 'pivotal question is whether the state court's application of the *Strickland* standard was unreasonable,'" pursuant to section 2254(d)(1).   *Hensley v. Roden*, 755 F.3d 724, 736 (1st Cir. 2014) (quoting *Harrington*, 562 U.S. at 101).   "A state court must be granted a deference and latitude that are not in operation when the case involves review under the *Strickland* standard itself."   *Harrington*, 562 U.S. at 101.

### B.   Grounds Asserted and Analysis

### 1.   Statute of limitation and equitable tolling

The State contends Petitioner did not file timely his petition.   (Response at 5.)   Petitioner argues essentially that he filed the section 2254 petition timely under 28 U.S.C. § 2244(d)(1)(A),

because he filed it within one year of the Law Court's dismissal of Petitioner's appeal from the denial of his motion to correct or reduce the sentence. (Petition at 14.)  In the alternative, Petitioner argues that the petition is timely under the doctrine of equitable tolling.  (*Id.* at 14-15.)

The petition was not filed timely under section 2244(d)(1)(A).  The one-year limitation period began to run on May 10, 2011, which was the date on which the judgment became final by the conclusion of direct review.[8]  A total of 1,764 days elapsed from and including May 10, 2011, to but excluding March 8, 2016, which was the date on which Petitioner placed his section 2254 petition in the prison mailing system.  A significant portion of that period was tolled, pursuant to section 2244(d)(2), while Petitioner's post-conviction petition was pending in state court; specifically, the 1,127-days that elapsed from and including February 7, 2012, when Petitioner filed his state court petition, to but excluding March 10, 2015, when the Law Court denied a certificate of probable cause, do not count toward the 365-day limitation period.[9]  Nonetheless, the 637 countable days (1,764 − 1,127 = 637) amount to more than the 365-day limitation period, and, therefore, the petition was not filed timely.[10]

---

[8] A conviction is final, for purposes of section 2244(d)(1)(A), when the "availability of direct appeal to the state courts and to [the United States Supreme Court] has been exhausted." *Jimenez v. Quarterman,* 555 U.S. 113, 119 (2009) (citations and quotation marks omitted).  For both state and federal prison inmates who do not seek a writ of certiorari from the United States Supreme Court, final judgment does not occur until "the time for filing a certiorari petition expires." *Id.* (citation and quotation marks omitted).  Rule 13(1) of the Rules of the Supreme Court provides that a petition for a writ of certiorari is timely when it is filed "within 90 days after entry of the judgment."  Rule 13(3) states in pertinent part: "The time to file a petition for a writ of certiorari runs from the date of entry of the judgment or order sought to be reviewed . . . ." *See Holland v. Florida,* 560 U.S. 631, 635-38 (2010) (calculating limitation periods to include the date of the court decision from which the limitation period begins to run).  In Petitioner's case, the judgment on the underlying criminal conviction became final on May 10, 2011, which was 90 days after the Law Court's February 10, 2011, judgment.

[9] Petitioner's untimely motion to correct or reduce the sentence did not toll the limitation period, because that motion was not a "properly filed application for State post-conviction or other collateral review," as required for tolling under 28 U.S.C. § 2244(d)(2).  *See Pace v. DiGuglielmo,* 544 U.S. 408, 413–15 (2005); *Drew v. MacEachern,* 620 F.3d 16, 21-22 (1st Cir. 2010) ("Interpreting 'pending' in § 2244(d)(2) to exclude applications for state post-conviction relief that a state's highest court dismissed on procedural grounds comports with how the federal courts of appeals have interpreted 'pending' in similar cases.").

[10] To express the timeliness issue differently, Petitioner used 273 days of the 365-day federal limitation period when he delayed filing his state post-conviction petition; the 273 days are measured from and including May 10, 2011,

Petitioner argues alternatively that he is entitled to equitable tolling the limitation period. He contends that his first retained post-conviction counsel, i.e., the counsel who represented him through the evidentiary hearing, gave him "[misleading] information" in a number of ways, and "it is entirely possible" that counsel gave him inaccurate information about the limitation period governing his section 2254 petition. (Petition at 14-15.) Petitioner states in conclusion: "If necessary, I am prepared to make a claim of equitable tolling that is much more detailed and specific." (*Id.*) Petitioner further contends that his first retained counsel was "egregious," "ineffective," and falsely told him, in essence, that regardless of when he filed his state court post-conviction petition, he would have one year from the final judgment on the state post-conviction decision to file his section 2254 petition in federal court. (Reply at 2-4.)

Petitioner also cites *Holland* in support of his argument for equitable tolling. (Reply at 3.) In *Holland*, the Supreme Court held that the Circuit Court, on remand, must determine whether the record facts demonstrated extraordinary circumstances sufficient to warrant the application of equitable tolling, or whether further proceedings were necessary. *Holland*, 560 U.S. at 653-54. *Holland* involved a murder conviction that carried a death sentence. *Id.* at 635. Post-conviction counsel was appointed 37 days after the date of final judgment on the underlying conviction, and yet counsel did not file the state court post-conviction petition until 12 days before the one-year limitation period under section 2244(d) was set to expire. *Id.* at 635-36. After the state supreme court affirmed the denial of post-conviction relief, counsel failed to file a timely section 2254 petition, despite the petitioner's "many letters that repeatedly emphasized the importance of his

---

which was the date on which the judgment became final, to and including February 6, 2012, which was the day before Petitioner filed his state court post-conviction petition; the remainder of the 365-day federal limitation period restarted from and including March 10, 2015, which was the date on which the Law Court denied a certificate of probable cause, and it expired 92 days later (365 - 273 = 92), on June 10, 2015, i.e., before the March 8, 2016, date on which Petitioner placed the section 2254 petition in the prison mailing system.

doing so." *Id.* at 652. Counsel failed to do the research necessary, despite the petitioner's letters, which "went so far as to identify the applicable legal rules." *Id.* Counsel in *Holland* also failed to inform the petitioner on a timely basis that the state supreme court had affirmed the denial of post-conviction relief. *Id.* at 638, 652.

Petitioner's arguments fail. Unlike in *Holland*, the performance of Petitioner's first counsel is not material. The deadline for Petitioner to file his petition did not expire until after Petitioner retained his second counsel. Petitioner simply cannot rely on his first counsel's alleged misinformation to support his equitable tolling argument. *See Cordle v. Guarino*, 428 F.3d 46, 48 (1st Cir. 2005) ("[C]ounsel's errors in calculating the time limits or advising a petitioner of the appropriate filing deadlines do not constitute extraordinary circumstances warranting equitable tolling.").[11]

### 2. Exhausted claims

#### a. Ineffective assistance for providing and failing to correct allegedly inaccurate information at trial and at sentencing about the victim's recovery and use of a wheelchair

In Ground One of the section 2254 petition, Petitioner alleges that counsel both provided, and failed to correct, inaccurate information at trial and at sentencing about the victim's recovery. (Petition at 17–18.) In particular, Petitioner notes that counsel stated in closing argument at trial that the victim "has to spend the rest of his life in a wheelchair" (Petition at 18; Trial Tr. IV at 980), and that counsel failed to correct the court's statement at sentencing that the victim "would never walk again" (Petition at 18; Sentencing Tr. at 106). Petitioner points to what he argues is contradictory trial testimony by the victim, in which the victim stated, when asked what he did for

---

[11] This analysis is not to suggest that Petitioner would have been entitled to equitable tolling had his second retained counsel misinformed him of the deadline. *See Cordle v. Guarino*, 428 F.3d 46, 48 (1st Cir. 2005).

workouts at the gym: "Just about everything that I used to do except for use my legs. Just recently I started doing the leg machines for my left leg, and I have been working on standing in the standing frame that the VA bought me and mailed to my house." (Petition at 17; Trial Tr. I at 158.)

At the post-conviction hearing, Petitioner testified that after he filed his post-conviction petition, he learned that the victim "was no longer paralyzed and hadn't been paralyzed for some time." (Post-conviction Tr. at 27.) The court ruled that the sole issue was whether counsel had been ineffective at trial or sentencing regarding the victim's medical condition, and more recent information about the victim's status was not relevant to the issue of ineffective assistance of counsel at trial or sentencing. (*Id.* at 28-29.)

The post-conviction court concluded that counsel was not ineffective at trial, because at that time, there was no evidence that the victim would not be confined to a wheelchair. (Post-conviction Decision and Order at 10.) Furthermore, the court found that "[a]ny defense attempt to quibble as to the extent of [the victim's] injuries would only have undermined the credibility of the defense's other arguments." (*Id.*) The court noted that Petitioner had acknowledged at sentencing that his actions left the victim "paralyzed and confined to a wheelchair for the rest of his life." (*Id.*; Sentencing Tr. at 96.)

Although the State argues otherwise (Response at 8), Petitioner exhausted the claim of ineffective assistance of counsel regarding statements about the victim's recovery and use of a wheelchair.[12] (Post-conviction Petition at 6; Memorandum in Support of Certificate of Probable Cause at 4.) The ineffective assistance claim, however, lacks merit under section 2254(d), because

---

[12] The State notes that Petitioner appears to assert in Ground Two of the section 2254 petition a Fourteenth Amendment due process claim, independent of his claim of ineffective assistance of counsel. (Response at 7.) The State argues that the claim is procedurally defaulted because Petitioner failed to raise the issue in his direct appeal, and he cannot now return to state court to exhaust the claim. (*Id.* at 7-8.) Petitioner's reply focuses on the claims that are exhausted, namely the claims of ineffective assistance regarding the victim's testimony about his tattoos and the victim's use of a wheelchair. (Reply, ECF No. 5 at 10.) Because Petitioner's claims are focused on alleged ineffective assistance of counsel, no further discussion about an independent due process claim is necessary.

the state court adjudication did not result in a decision that was contrary to or that involved an unreasonable application of federal law, nor was the state court decision based on an unreasonable determination of the facts.  *See* 28 U.S.C. § 2254(d); *Woods*, 136 S. Ct. at 1151.

The state court's determination is subject to deference on two levels, i.e., deference as to both the court's conclusions and as to defense counsel's decisions.  *See Woods*, 136 S. Ct. at 1151. The post-conviction court made factual findings regarding the state of the evidence at trial and at sentencing about the victim's condition and need for a wheelchair.  The findings are presumed correct, and the victim's testimony about what he did at the gym does not rebut the presumption. *See* 28 U.S.C. § 2254(e)(1).  The Law Court rejected Petitioner's contention that counsel's performance was defective or that Petitioner was prejudiced.  (Order Denying Certificate of Probable Cause.)  In short, Petitioner has failed to demonstrate that the state court's application of the *Strickland* standard was unreasonable.  *See* 28 U.S.C. § 2254(d)(1); *Harrington*, 562 U.S. at 101; *Hensley*, 755 F.3d at 736.

### b. Ineffective assistance for the failure to object to victim's testimony about his tattoos

Petitioner contends, as part of Ground Two, that counsel was ineffective for failing to object to the victim's trial testimony describing his tattoos.  (Petition at 22-25.)

Counsel asked the victim on cross-examination: "[Y]ou have a fair number of tattoos, right?" and "[T]hey go all up and down your arms?" (Trial Tr. I at 173.)  The victim answered both questions affirmatively.  (*Id.*)  The prosecutor objected on grounds of relevance, and the court concluded:  "As long as we are not going to go deeply into it.  If we are going to go much beyond

13

[that] he has tattoos and where they are located maybe we should go to sidebar but at this point I will allow it in part."[13]  (*Id.* at 174.)

On redirect examination, the prosecutor asked the victim:  "Tell us some of the things that you have had tattooed on your body."  (*Id.* at 235.)  In response, the victim described his tattoos in detail, including military-theme tattoos related to friends who had died, and a tattoo that contained an ethnic or religious slur.  (*Id.* at 235-36.)  In addition, he described one of his tattoos as follows: "[I]t's got a 13-and-a-half, 13-and-a-half stands for 12 jurors, 1 judge, half a chance.  On the back of that it says I've got a guy in a wheelchair."  (*Id.* at 236.)  The prosecutor asked: "Who's that?" (*Id.*)  Petitioner responded:

> Me. It says if you had my pain you'd kill yourself.  He's slumped down with a gun in his hand.  On the rest of the tattoo there is a bunch of pills with handcuffs attached to the wheelchair and the guy himself with a couple of pills that are, have like remote control.  My life revolves around pills now to function.

(*Id.* at 236-37.)

Although Petitioner exhausted his claim of ineffective assistance of counsel for the failure to object to the victim's testimony about his tattoos, because he raised the claim in his state court post-conviction petition and in his memorandum in support of a certificate of probable cause (Post-conviction Petition at 6; Memorandum in Support of Certificate of Probable Cause at 1), because the court's adjudication did not result in a decision that was contrary to or that involved an unreasonable application of federal law, and because the state court decision was not based on an unreasonable determination of the facts, the claim lacks merit.  *See* 28 U.S.C. § 2254(d); *Woods*, 136 S. Ct. at 1151.

---

[13] The state court noted that it "did not rule that tattoos were off-limits except for identification purposes," as Petitioner had argued.  (Post-conviction Decision and Order at 7 n.4.)

14

The post-conviction court found (1) that counsel's inquiry about the tattoos was part of a strategy to suggest that the victim was not peace-loving, that he had a "Jekyll and Hyde" personality, and that he had a gang affiliation; (2) that counsel could not have anticipated that the victim would testify that the tattoos related to the crime or Petitioner's prosecution; (3) that once the victim testified to the meaning of the tattoos, an objection might have only highlighted the testimony; and (4) in sum, counsel's failure to object was not deficient. (Post-conviction Decision and Order at 7-8 & n.6.) The Law Court rejected Petitioner's contention that counsel's performance was defective or that Petitioner was prejudiced. (Order Denying Certificate of Probable Cause.)

The state court's findings are subject to deference. *See Woods*, 136 S. Ct. at 1151. Petitioner has failed to rebut the presumption that the state court's factual findings are correct. *See* 28 U.S.C. § 2254(e)(1). Petitioner has also failed otherwise to demonstrate that the state court's application of the *Strickland* standard was unreasonable. *See* 28 U.S.C. § 2254(d)(1); *Harrington*, 562 U.S. at 101; *Hensley*, 755 F.3d at 736.

### c. Ineffective assistance for failure to cross-examine witnesses on their alleged inconsistent statements in police reports

Petitioner alleges, as part of Ground Four, that counsel was ineffective because counsel failed adequately to cross-examine two prosecution witnesses whose trial testimony, Petitioner contends, was inconsistent with their pretrial statements to police. (Petition at 27-29.) Petitioner contends that counsel had police reports that would have demonstrated the inconsistencies, but counsel failed to offer the reports in evidence at trial or to use them in cross-examination. (*Id.* at 28-29.) The post-conviction court noted that the police reports were not offered in evidence at the hearing. (Post-conviction Decision and Order at 11.)

The testimony of the two witnesses conflicted with Petitioner's testimony at trial about his self-defense theory.  Petitioner testified at trial that after the victim tackled him to the ground, he and the victim got back on their feet, and Petitioner saw a knife on the ground near the victim's foot.  (Trial Tr. IV at 842-43.)  Petitioner testified essentially that he shot the victim in self-defense because he saw the victim reaching for the knife.  (*Id.* at 844-46.)

One of the witnesses saw the shooting.  (Trial Tr. II at 445.)  The witness made some observations about a man who, before the shooting, had pulled the victim off Petitioner, and who, directly after the shooting, asked Petitioner why he shot the victim.  (*Id.* at 444-50.)  After the shooting, the witness saw the man fumbling with and rubbing something in his shirt.  (*Id.* at 447-48, 451.)  The witness testified:  "He walked in front of me across the sidewalk into the street, and the next thing I notice there was a half opened knife on the ground."  (*Id.* at 450.)  The witness did not see how the knife had come to be on the ground, but he testified that he told a detective who interviewed him later that he heard a sound of metal on pavement.  (*Id.* at 451-52.)  The witness testified on direct examination that he felt hesitant about describing the sound.  (*Id.* at 452.)  On recross-examination, he testified that he heard something hit the ground, but he was not sure if it was the knife.  (*Id.* at 486.)

Petitioner does not specify the alleged inconsistencies between the witnesses' trial testimony and their pretrial statements to police.  (Petition at 28-29.)  The post-conviction court was "not inclined to accept [Petitioner's] hearsay version of the contents of that police report given that [Petitioner] is far from a disinterested witness."  (Post-conviction Decision and Order at 11.)  The court noted that counsel explored the issue on cross-examination and, according to the description of the police report in Petitioner's post-hearing brief, the contents of the report were

"not significantly inconsistent" with the trial testimony of the witness.[14]  (*Id.* at 11, 12 n.8.)  The court concluded that Petitioner did not meet either prong of the *Strickland* standard as to counsel's cross-examination of the witness.  (*Id.* at 12.)

As to the other witness, the court found that Petitioner had offered no evidence at the post-conviction hearing that counsel's cross-examination was deficient.  (*Id.* at 12.)  Petitioner did not offer the police report regarding the witness, and at the conclusion of the hearing, the court ruled that it "would not consider documents that were not admitted in evidence at the post-conviction hearing or at the trial."  (*Id.*)  The court also concluded that further cross-examination of the witness on this point "would not reasonably have affected the outcome of the trial."  (*Id.* at 13.)  The Law Court rejected Petitioner's contention that counsel's performance was defective or that Petitioner was prejudiced.  (Order Denying Certificate of Probable Cause.)[15]

Petitioner's claim lacks merit because the state court adjudication did not result in a decision that was contrary to or that involved an unreasonable application of clearly established federal law, nor was the state court decision based on an unreasonable determination of the facts.  *See* 28 U.S.C. § 2254(d); *Woods*, 136 S. Ct. at 1151.  The state court's findings regarding counsel's performance and the lack of prejudice are subject to deference.  *See Woods*, 136 S. Ct. at 1151.  Petitioner has failed to rebut the presumption that the state court's factual findings, including the implicit findings that underlie its decision not to credit Petitioner's version of the contents of the

---

[14] In his state court post-hearing brief, Petitioner asserted that the witness to the shooting responded affirmatively when the police asked, at the beginning of the interview, whether he had heard "something clank on the ground," but later in the interview, when asked if he heard anything, the eyewitness said:  "'Honestly, not that I fully recall.'"  (Post-hearing Brief at 7; Post-conviction Decision and Order at 12 n.8.)

[15] Although the State concedes that Petitioner exhausted the ineffective assistance claim regarding counsel's cross-examination of the two witnesses (Response at 6; State Court Post-conviction Petition at 7; Memorandum in Support of Certificate of Probable Cause at 2-3), the State asserts that the claim actually was not "properly exhausted," because Petitioner's memorandum in support of a certificate of probable cause asserted the claim against post-conviction counsel, rather than against trial counsel (Response at 6 n.1).

police report and the court's finding of a lack of prejudice, are correct.  *See* 28 U.S.C. § 2254(e)(1);

*Garcia*, 454 F.3d at 444.  Petitioner has also failed otherwise to demonstrate that the state court's

application of the *Strickland* standard was unreasonable.  *See* 28 U.S.C. § 2254(d)(1); *Harrington*,

562 U.S. at 101; *Hensley*, 755 F.3d at 736.

### 3.  Unexhausted claims

#### a.  Ineffective assistance of counsel for failure to object to the victim's taking medicine, and discussing medicine, while on the witness stand, and for counsel's failure to object to the victim's testimony about his military service

Petitioner contends, as part of Ground Two, that counsel was ineffective because counsel

failed to object to the victim's act of taking medicine and discussing his medicine on the witness

stand.  (Petition at 22.)  The State argues that Petitioner failed to exhaust this claim.  (Response at

8.)  Petitioner also contends in Ground Two that counsel was ineffective for the failure to object

to the victim's testimony about his military service.  (Petition at 21.)

During direct examination by the prosecutor at trial, the victim testified about his

medication:  "Need to get my meds real quick."  (Trial Tr. I at 234.)  The prosecutor asked the

victim: "Do you have your meds with you?"  (*Id.*)  The victim replied: "Yes."  (*Id.*)  The prosecutor

then asked the court: "Your Honor, can he just take a break, take his medication?" to which the

court replied, "Yes, absolutely."  (*Id.*)  The victim said: "Sorry."  (*Id.*)  The prosecutor asked:

"You all set?"  (*Id.* at 235.)  Petitioner responded: "Yeah."  (*Id.*)  The prosecutor then continued

with direct examination on a subject other than the victim's medicine.  (*Id.*)

The post-conviction court found counsel's failure to request a recess was not substandard

conduct, and an objection to the victim's request to take his medicine "would not have served any

purpose."  (Post-conviction Decision and Order at 8.)  The court concluded that Petitioner had not

met either prong of the *Strickland* test regarding the issue of the victim's medication.  (*Id.* at 8-9.)

As to the claim regarding the victim's military service, Petitioner alleges essentially that counsel was ineffective for failing to object on grounds of relevance and prejudice. (Petition at 21.) The victim testified to his military service in response to questions on direct examination. (Trial Tr. I at 124-26, 128-30.) The post-conviction court concluded that it could not grant relief on this claim, both because Petitioner failed to raise the claim in his petition, and because the defense introduced evidence of the victim's military service. (Post-conviction Decision and Order at 15 & n.11.)

Petitioner failed to raise either of the claims in his memorandum in support of a certificate of probable cause, and therefore he did not exhaust the claims.[16] Furthermore, Petitioner has not demonstrated an absence of available state corrective process or ineffective state process. *See* 28 U.S.C. § 2254(b)(1)(B); *Baldwin,* 541 U.S. at 29. The claims thus are procedurally defaulted, and Petitioner has not alleged or demonstrated actual innocence.[17] *See McQuiggin v. Perkins,* --- U.S. ---, 133 S.Ct. 1924, 1931 (2013).

The claims also fail on the merits. *See* 28 U.S.C. § 2254(b)(2). The state court adjudication did not result in a decision that was contrary to or that involved an unreasonable application of

---

[16] Petitioner alleged in the state court petition that counsel failed to object to the victim's taking medicine and the victim's discussion of medicine. (Post-conviction Petition at 6.) He also raised that issue in his post-hearing brief. (Post-hearing Brief at 5.) Petitioner did not allege in the petition that counsel was ineffective for failure to object to the victim's testimony about his military service. However, he did raise that issue in his post-hearing brief. (Post-hearing Brief at 5.) Neither issue was addressed in the memorandum in support of a certificate of probable cause.

[17] To the extent Petitioner alleges that post-conviction counsel was ineffective, the claim is not cognizable in this case. Because "[t]here is no constitutional right to an attorney in state post-conviction proceedings," there is no constitutional claim for ineffective assistance of counsel provided in post-conviction proceedings. *Coleman*, 501 U.S. at 752. An exception was recognized in *Martinez v. Ryan*, --- U.S. ---, ---, 132 S. Ct. 1309, 1313 (2012), in which the Supreme Court held, based on equitable rather than constitutional principles, that "a federal habeas court may excuse a procedural default of an ineffective-assistance claim when the claim was not properly presented in the state court due to an attorney's errors in an initial-review collateral proceeding." *Martinez*, 132 S. Ct. at 1313. The exception does not apply here, however, because both the medication-related ineffective assistance claim and the military service-related ineffective assistance claim were presented and decided, in whole or in part, on the merits in the initial-review collateral proceeding. *See id.* (Post-conviction Decision at Order at 8-9, 15 n.11.)

clearly established federal law, nor was the state court decision based on an unreasonable determination of the facts. *See* 28 U.S.C. § 2254(d); *Woods*, 136 S. Ct. at 1151. The state court's findings regarding counsel's performance and the lack of prejudice are subject to deference. *See Woods*, 136 S. Ct. at 1151. Petitioner has failed to rebut the presumption that the state court's factual findings are correct, i.e., that counsel's performance was not deficient for the failure to object or request a recess on the medication-related claim, or in connection with the offer of evidence of the victim's military service. *See* 28 U.S.C. § 2254(e)(1). Petitioner has also failed to demonstrate that the state court's application of the *Strickland* standard, i.e., its conclusion that counsel was not deficient and Petitioner was not prejudiced, was unreasonable. *See* 28 U.S.C. § 2254(d)(1); *Harrington*, 562 U.S. at 101; *Hensley*, 755 F.3d at 736.

### b. Ineffective assistance for failure to present expert testimony to support a theory of self-defense

In Ground Three of the section 2254 petition, Petitioner alleges that counsel was ineffective for the failure to present expert testimony in support of Petitioner's theory that he acted in self-defense. (Petition at 25-27.) Petitioner alleges that expert testimony would have established that the trajectory of the bullet through the victim's body demonstrated that the victim was reaching for a knife when Petitioner shot him. (*Id.* at 25.) He alleges that counsel initially told him that an expert would be obtained to provide this testimony, but later, in the weeks before the trial, counsel told him that an expert was not available. (*Id.* at 25-26.)

While the claim was included in Petitioner's state court petition (Post-conviction Petition at 7), Petitioner waived the issue in the post-conviction hearing, and the state court noted in its decision that Petitioner had opted not to pursue the claim.[18] (Post-conviction Tr. at 4, 76-77; Post-

---

[18] Ground Three of Petitioner's section 2254 petition was included as Ground Four of his state court post-conviction petition. (State Court Post-conviction Petition at 7.) In the transcript of the post-conviction hearing, the state court grounds were identified by roman numerals. (Post-conviction Tr. at 4, 76-77.)

conviction Decision and Order at 4.)  Petitioner also did not raise the issue in his memorandum of law in support of a certificate of probable cause.  The claim thus is procedurally defaulted, and Petitioner has not demonstrated an absence of available state corrective process or ineffective state process.  *See* 28 U.S.C. § 2254(b)(1)(B); *Baldwin,* 541 U.S. at 29.  In addition, Petitioner has not alleged or demonstrated actual innocence.  *See McQuiggin* 133 S.Ct. at 1931.

Furthermore, the state court's conclusion that Petitioner withdrew this claim constitutes an independent and adequate state law ground for denial of relief.  *See Barbosa*, 812 F.3d at 67-68 (citing *Coleman*, 501 U.S. at 750); *Lee*, 777 F.3d at 62.  Petitioner has failed to demonstrate cause or prejudice, nor has he demonstrated that a fundamental miscarriage of justice would result if the Court were to deny federal habeas relief on the ineffective assistance claim.  *See id.*  The State's witness did not testify that the victim bent over before Petitioner shot him; rather, the witness testified that the victim was walking toward Petitioner with his palms open and fingers extended when Petitioner shot him.  (Trial Tr. II at 444-45.)   Under the circumstances, post-conviction counsel's decision to forego the claim must be afforded deference; Petitioner has failed to rebut the presumption that counsel's decision was reasonable; and Petitioner has failed to demonstrate the denial of relief would result in a fundamental miscarriage of justice.  *See Woods*, 136 S. Ct. at 1151.

### c.  Ineffective assistance for failure adequately to prepare a defense investigator to impeach State's witnesses

Petitioner alleges, as part of Ground Four, that counsel was ineffective because counsel failed adequately to prepare a defense investigator to impeach the State's witnesses about whom the investigator testified.  (Petition at 27-28.)  Petitioner contends essentially that the investigator was unprepared to impeach the State's witnesses because he failed to record all of his

conversations.  (*Id.* at 28.)  The State argues that Petitioner did not exhaust this claim.  (Response at 8.)

The claim is procedurally defaulted because Petitioner did not exhaust it.  Although the post-conviction court discussed the issue (Post-conviction Decision and Order at 13-14), Petitioner's memorandum in support of a certificate of probable cause did not address it.  Petitioner has not demonstrated an absence of available state corrective process or ineffective state process.  *See* 28 U.S.C. § 2254(b)(1)(B); *Baldwin,* 541 U.S. at 29.  The claim, therefore, is procedurally defaulted, and Petitioner has not alleged or demonstrated actual innocence.  *See McQuiggin* 133 S.Ct. at 1931.

The claim also fails on the merits.  *See* 28 U.S.C. § 2254(b)(2).  The post-conviction court noted that no evidence was introduced at the hearing in support of the claim, and that the post-conviction court's review of the trial transcript did not reveal either deficient performance by counsel or prejudice to Petitioner regarding the preparation of the witness.  (Post-conviction Decision and Order at 13-14.)  Specifically, the post-conviction court observed that although the prosecutor was able to impeach the investigator regarding the accuracy of some of the investigator's testimony, the fact that a witness was impeached does not mean that counsel's performance was deficient.  (*Id.* at 13-14.)  Simply stated, Petitioner has failed to rebut the presumption that the state court's factual findings are correct.  *See* 28 U.S.C. § 2254(e)(1).  The state court adjudication did not result in a decision that was contrary to or that involved an unreasonable application of clearly established federal law, nor was the state court decision based on an unreasonable determination of the facts.  *See* 28 U.S.C. § 2254(d); *Woods*, 136 S. Ct. at 1151.

### III.   CONCLUSION

Based on the foregoing analysis, an evidentiary hearing is not warranted under Rule 8 of the Rules Governing Section 2254 Cases.  I recommend that the Court dismiss Petitioner's section 2254 petition, and that the Court deny a certificate of appealability pursuant to Rule 11 of the Rules Governing Section 2254 Cases because there is no substantial showing of the denial of a constitutional right within the meaning of 28 U.S.C. § 2253(c)(2).

### NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 14th day of July, 2016.